ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

JUDGE JONES

UNITED STATES OF AMERICA

   - v. -

NEIL CREMIN,
GEORGE ORTIZ,
MILTON SMITH, and
IRA SOKOL,

       Defendants.

- - - - - - - - - - - - - - - - x

SEALED INDICTMENT

08 Cr.

08 CRIM. 390

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/6/08

COUNT ONE
(Extortion Conspiracy)

The Grand Jury charges:

Relevant Entities

1.   At all times relevant to this Indictment, the New York City Department of Education ("DOE"), and its predecessor agency, the New York City Board of Education, were the agencies of municipal government responsible for operating the New York City public school system.

2.   One of the DOE's subdivisions was the Office of Pupil Transportation ("OPT"), which was responsible for providing bus and other transportation services to all public school students, including special education students, in the New York City area. OPT provided those transportation services through contracts with private bus companies located in and around the New York City area.

3.   OPT served numerous functions within DOE,

including the following: administering and overseeing the process by which private bus company owners bid for and obtained certain DOE bus routes; developing and modifying specifications for bus routes; processing requests from bus company owners to have certain routes classified as "extended," or overtime, routes; and conducting safety and mechanical inspections of buses used to transport students.

4. OPT was responsible for overseeing the transportation of all New York City general education students, as well as special education students. Approximately 10 to 15 OPT employees worked in the special education section of OPT. These employees were classified either as supervisors or inspectors. Each supervisor was in charge of OPT operations within a particular borough or geographic area.

### The Defendants

5. At all times relevant to this Indictment, NEIL CREMIN, the defendant, was an OPT employee in the special education section. CREMIN was a supervisor responsible for oversight of OPT operations in Brooklyn and Queens.

6. From at least in or about the mid-1990s until in or about 2006, GEORGE ORTIZ, the defendant, was an OPT employee in the special education section. ORTIZ was a supervisor responsible for oversight of OPT operations in Manhattan.

7. At all times relevant to this Indictment, MILTON

SMITH, the defendant, was an OPT employee in the special education section. SMITH was an inspector responsible for conducting certain OPT operations in Brooklyn.

8. At all times relevant to this Indictment, IRA SOKOL, the defendant, was an OPT employee in the special education section. SOKOL was a supervisor responsible for oversight of OPT operations in Brooklyn.

### Means And Methods Of The Conspiracy

9. At all times relevant to this Indictment, NEIL CREMIN, GEORGE ORTIZ, MILTON SMITH, and IRA SOKOL, the defendants, and other OPT employees, solicited, accepted, and received cash payments from various bus company owners who held and sought transportation contracts with DOE. CREMIN, ORTIZ, SMITH, SOKOL, and other OPT employees used their official positions within DOE as a means of obtaining these cash payments from the bus company owners.

10. In some cases, NEIL CREMIN, GEORGE ORTIZ, MILTON SMITH, and IRA SOKOL, the defendants, and other OPT employees (collectively, "the OPT employees"), provided bus company owners with various improper benefits in exchange for cash payments. In other cases, the OPT employees knew that bus company owners believed they would receive certain improper benefits in exchange for cash payments, but the defendants and OPT employees would not or could not in fact deliver those benefits to the bus company

owners. In other cases, the defendants and OPT employees used their official positions within DOE to collect from bus company owners payments that were not connected to any particular benefit, but were intended to secure the "good will" of the OPT employees.

11. OPT employees provided bus company owners with "extended runs" in exchange for cash payments. "Extended runs" are bus routes that begin earlier than the standard time provided in the DOE contract, or end later. Accordingly, bus companies earned higher rates if their bus runs started before the contracted time, or ended afterwards. Where a bus route was listed as "extended," the DOE would pay an additional fee to the bus company owners for that route. In some instances, OPT employees collected cash payments from bus company owners in exchange for providing "extended" status to bus routes that actually did start before or end after the contracted times. In other instances, OPT employees collected cash payments from bus company owners in exchange for falsely classifying runs that did not start before or end after the contracted times as "extended."

12. OPT employees also collected cash payments from bus company owners in connection with the allocation of certain DOE bus routes to those bus company owners. OPT employees collected a certain amount of money from the bus company owners based on the number of new bus routes the bus company owner had

obtained, or sought to obtain, through the DOE allocation process.

13.  OPT employees also collected cash payments from bus company owners in connection with routine mechanical and safety inspections that OPT was responsible for conducting.  The OPT employees who conducted the inspections had broad discretion over the imposition of violations.  The OPT employees collected cash payments from bus company owners in exchange for a variety of benefits relating to these inspections, including favorable treatment in the imposition of violations, and advance notice of inspections that were supposed to be unannounced.

14.  The amount of the cash payments that the OPT employees collected from bus company owners ranged from several hundred dollars per year from certain bus company owners, up to tens of thousands of dollars per year from other bus company owners.

<u>The Violation</u>

15.  From at least in or about the mid-1990s until in or about 2007, in the Southern District of New York and elsewhere, NEIL CREMIN, GEORGE ORTIZ, MILTON SMITH, and IRA SOKOL, the defendants, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section

1951(b)(2), by conspiring to obtain money and property from and with the consent of other persons, to wit, bus company owners doing business in interstate commerce, which consent would have been and was induced under color of official right, and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, CREMIN, ORTIZ, SMITH, and SOKOL, all of whom were employees of the New York City Department of Education ("DOE"), agreed among themselves and with other DOE employees not named as defendants in this Indictment to use their official positions with DOE to obtain cash payments from bus company owners.

(Title 18, United States Code, Section 1951.)

COUNT TWO
(Extortion)

The Grand Jury further charges:

16. Paragraphs 1 through 14 of this Indictment are repeated and realleged and incorporated by reference as though fully set forth herein.

17. From at least in or about the mid-1990s until in or about 2007, in the Southern District of New York and elsewhere, NEIL CREMIN, GEORGE ORTIZ, MILTON SMITH, and IRA SOKOL, the defendants, unlawfully, willfully, and knowingly did commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property

6

from and with the consent of other persons, to wit, bus company owners doing business in interstate commerce, which consent was induced under color of official right, and thereby did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, CREMIN, ORTIZ, SMITH, and SOKOL, all of whom were employees of DOE, used their official positions with DOE to obtain cash payments from bus company owners.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT THREE
(Bribery Conspiracy)

The Grand Jury further charges:

18. Paragraphs 1 through 14 of this Indictment are repeated and realleged and incorporated by reference as though fully set forth herein.

19. From at least in or about the mid-1990s until in or about 2007, in the Southern District of New York and elsewhere, NEIL CREMIN, GEORGE ORTIZ, MILTON SMITH, and IRA SOKOL, the defendants, and others, known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Section 666 of Title 18, United States Code.

20. It was a part and an object of the conspiracy that

NEIL CREMIN, GEORGE ORTIZ, MILTON SMITH, and IRA SOKOL, the defendants, and others known and unknown, being an agent of an organization, and of a State, and local government, and an agency thereof, which received, in a one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of federal assistance, unlawfully, willfully, knowingly and corruptly would and did solicit and demand for the benefit of a person, and accepted and agreed to accept, anything of value from a person, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of such organization, government, and agency involving a thing of value of $5,000 and more, to wit, CREMIN, ORTIZ, SMITH, and SOKOL, who were employees of DOE, agreed among themselves and with other DOE employees not named as defendants in this Indictment to solicit and accept cash bribes from owners of school bus companies that contracted with DOE, in order to influence the defendants' actions as employees of DOE.

## OVERT ACTS

21.    In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a.    From at least in or about 2002 up to and

including at least in or about 2007, NEIL CREMIN, the defendant, received cash payments from bus company owners who contracted with DOE.

  b. From at least in or about the early 1990s up to and including at least in or about 2006, GEORGE ORTIZ, the defendant, received cash payments from bus company owners who contracted with DOE.

  c. From at least in or about the late 1990s up to and including at least in or about 2005, MILTON SMITH, the defendant, received cash payments from bus company owners who contracted with DOE.

  d. From at least in or about 2001 up to and including at least in or about 2006, IRA SOKOL, the defendant, received cash payments from bus company owners who contracted with DOE.

(Title 18, United States Code, Section 371.)

## COUNT FOUR
(Bribery)

The Grand Jury further charges:

22. From at least in or about the mid-1990s until in or about 2007, in the Southern District of New York and elsewhere, NEIL CREMIN, GEORGE ORTIZ, MILTON SMITH, and IRA SOKOL, the defendants, being an agent of an organization, and of a State, and local government, and an agency thereof, which received, in a one year period, benefits in excess of $10,000

9

under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of federal assistance, unlawfully, willfully, knowingly and corruptly did solicit and demand for the benefit of a person, and accepted and agreed to accept, anything of value from a person, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of such organization, government, and agency involving a thing of value of $5,000 and more, to wit, CREMIN, ORTIZ, SMITH, and SOKOL, who were employees of DOE, solicited and accepted cash bribes from owners of school bus companies that contracted with DOE, in order to influence the defendants' actions as employees of DOE.

(Title 18, United States Code, Sections 666 and 2.)

### FORFEITURE ALLEGATION

23. As the result of committing the offenses alleged in Counts One, Two, Three, and Four of this Indictment, NEIL CREMIN, GEORGE ORTIZ, MILTON SMITH, and IRA SOKOL, the defendants, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the violations alleged in Counts One through Four, including but not limited to a sum of money equal to at least $1,000,000 in United States currency, representing proceeds obtained as a result of the offenses described in Counts One

through Four of this Indictment, for which the defendants are jointly and severally liable.

## Substitute Asset Provision

24.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant(s) -

> a. cannot be located upon the exercise of due diligence;
>
> b. has been transferred or sold to, or deposited with, a third party;
>
> c. has been placed beyond the jurisdiction of the court;
>
> d. has been substantially diminished in value; or
>
> e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of the defendants up to the value of the forfeitable property.

>     (Title 18, United States Code, Sections 981 and
>     Title 28, United States Code, Section 2461(c)).

_____  
FOREPERSON

_____  
MICHAEL J. GARCIA  
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

NEIL CREMIN,
GEORGE ORTIZ,
MILTON SMITH, and
IRA SOKOL,

Defendants.

---

Indictment

08 Cr.

(Title 18, United States Code, Sections
1951, 371, 666 and 2.)

MICHAEL J. GARCIA
United States Attorney.

---

*Indictment filed, 4 arrestwarrants issued*

*F. Maas, USMJ*